IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-288 |
| | ) | |
| CHRISTINE ANN KEBR | ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I.   THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>From on or about<br>September 15, 2006,<br>to on or about<br>December 15, 2009 | 18 U.S.C. § 371 |

### II.   ELEMENTS OF THE OFFENSE

**A.   As to Count 1:**

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons agreed to commit an offense against the United States, as charged in the information.

2.    That Christine Ann Kebr was a party to or member of that agreement;

3.    That  Christine  Ann  Kebr  joined  the  agreement  or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Christine  Ann  Kebr  and  at  least  one  other  alleged  conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III.   **PENALTIES**

**A.   As to Count 1:   Conspiracy (18 U.S.C. § 371):**

1.    <u>Individuals</u> - The maximum penalties for individuals are:

(a)    imprisonment  of  not  more  than  5  years  (18 U.S.C. § 371);

(b)    a fine not more than the greater of;

(1)    $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or

twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Restitution is applicable in this case.

## VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

ROBERT S. CESSAR
Assistant U.S. Attorney
PA ID No. 47736